**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JIMENEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv199 |
| KENT DICKERSON | § | |

## ORDER OVERRULING OBJECTIONS AND ACCEPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Jimenez, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit against Kent Dickerson. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of the court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the case be dismissed for failure to state a claim upon which relief be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff complains that three aides failed to provide him with necessary medication in accordance with the schedule prescribed. He states the defendant failed to properly supervise the aides or take actions to correct their mistakes. The Magistrate Judge concluded plaintiff failed to state a claim upon which relief may be granted because his allegations failed to show the defendant was personally involved in the actions complained of and failed to provide a basis for supervisory liability.

In his objections, plaintiff points to six grievances he states the defendant was assigned to consider. In response to two of the grievances, plaintiff states the defendant said his medication had

not been administered correctly.  In response to another two of the grievances, plaintiff states the defendant referred the issues raised to a nurse manager.  In response to one grievance, plaintiff states the defendant said the issue had been discussed with a nurse manager who would take appropriate actions to address his complaints.  Plaintiff states that in his response to another grievance, the defendant stated the aides had been instructed on the proper way to deliver medication.

In order for the defendant to be liable in this lawsuit, plaintiff would have to show that he was either personally involved in the actions alleged in the complaint or implemented a policy so deficient that the policy itself was the moving force of the constitutional violations.  *Walters v. Livingston*, 642 F. App'x 416, 419 (5th Cir. 2016)  (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Initially, the court observes that based on the numbers assigned to each of the six grievances, it appears each of them was submitted after the date on which this lawsuit was filed.  As a result, any action taken by the defendant in responding to plaintiff's grievances would not provide a basis for finding him liable in this lawsuit.

In addition, plaintiff's objections do not demonstrate the defendant was personally involved in administering his medication.  Further, the responses plaintiff described demonstrates the defendant acknowledged mistakes were made in administering the medication and took actions to bring the deficiencies to the attention of the direct supervisor of the aides so that the aides could be properly instructed.  These responses do not demonstrate the defendant implemented a policy so deficient that the policy resulted in the constitutional violations alleged.  Instead, the defendant's policy appears to have been to take action to correct errors made by the aides.  As a result, plaintiff has failed to state a claim against the defendant.

### ORDER

For the reasons set forth above, plaintiff s objections are without merit and are therefore **OVERRULED**.  The findings and conclusions of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**.  A final judgment shall be entered dismissing

this lawsuit in accordance with the recommendation of the Magistrate Judge.

So **ORDERED** and **SIGNED  February 28, 2020.**

_____

Ron Clark, Senior District Judge